UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| COURTNEY BEER, personal Representative of the Estate of Marilyn Baer,<br><br>    Plaintiff<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, et al.,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) 2:24-cv-00197-LEW<br>)<br>)<br>)<br>)<br>) |

### ORDER ON MOTION FOR ORDER PERMITTING SERVICE OF DEPOSITION SUBPOENA BY ALTERNATE MEANS

Defendant Toyota Motor Sales, U.S.A., Inc. (Defendant) asks the Court to authorize service by alternate means of a subpoena for a non-party witness to appear for a deposition. (Motion, ECF No. 80.) Upon review of the motion and the record, for the reasons explained below, the Court denies the motion without prejudice.

Federal Rule of Civil Procedure 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). As this Court previously noted, "'[t]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required.'" *Civelli v. J.P. Morgan Securities, LLC*, No. 2:21-mc-00163-JCN, 2021 WL 2853647, at *2 (D. Me. Jul. 8, 2021) (quoting Wright and Miller, *Service of a Subpoena*, 9A Fed. Prac. & Proc. Civ. § 2454.) This Court also acknowledged, however, that "a growing number of courts have approved alternative service of a subpoena. *Id*. (citing *Chambers v. Whirlpool Corp.*, No. SACV111733FMOJCGX, 2016 WL 9451361

(C.D. Cal. Aug. 12, 2016); *Ellis-Hall Consultants, LLC v. Hoffmann*, No. 2:12-CV-00771, 2018 WL 4215114 (D. Utah Sept. 4, 2018); *In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *5 (D. Mass. Nov. 13, 2013). Such an approach is not unreasonable. As the court in *JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, No. 08 Civ. 9116(PGG), 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009) (citations and internal quotation marks omitted) explained, "the language of Rule 45 does not explicitly demand personal service of a subpoena" and the language does not "prohibit[] alternative means of service." Because the objective of the service requirement—to notify a person of the individual's obligation to appear and provide testimony—can be achieved by means other than in-hand service, and because Rule 45 does not prohibit alternate means of serving a subpoena, the Court concludes that the Court has the authority to permit service of a subpoena by alternate means that are reasonably designed to provide actual notice to a witness.

When alternate service is requested, understandably, "[c]ourts typically require a party seeking leave to serve by alternative means to demonstrate a prior diligent attempt to personally serve before permitting substituted service under Rule 45." *Bloom v. Campbell*, No. 24-10339-RGS, 2020 WL 1859382, at *1 (D. Mass. Jun. 17, 2025) (citations and internal quotation marks omitted). In this case, Defendant, through a process server, has attempted without success to serve the witness in-hand at an address that Defendant describes as the witness's "residential address" (the address). (Motion at 1.) Defendant asks the Court to authorize Defendant to make service by posting the subpoena on the gate

2

outside the residence at the address and by mailing the subpoena to the witness at the address.

The record, however, lacks evidence from which the Court could reasonably conclude that the address is likely the witness's address. In his affidavit, the process server asserts that he was asked to serve the witness at the address and attempted to do so on three occasions but was unsuccessful even though he could observe people at the location. Notably, neither the process server nor another affiant provides any facts to support a finding that the witness likely resides at the address. For the Court to conclude that the proposed means of service is likely to provide the witness with actual notice of the deposition, the Court must be able to find that the witness likely resides at the address. The current record lacks the evidence from which the Court could make such a determination. In other words, there is no record evidence that establishes that the address is the witness's "residential address" as Defendant asserts.

While the Court would be prepared to find that Defendant was unable to serve the witness at the address despite Defendant's due diligence, given the lack of record evidence upon which the Court could reasonably rely to support the conclusion that the witness likely resides at the address, the Court cannot grant Defendant's motion. The Court, therefore, denies without prejudice Defendant's motion. If Defendant supplements the record with evidence from which the Court could conclude that the witness likely resides at the address, the Court will revisit Defendant's request.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

>/s/ John C. Nivison
>U.S. Magistrate Judge

Dated this 15th day of September, 2025.